# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL VALLEY HOSPITALITY LLC,<br><br>    Defendants. | Case No. 1:21-cv-01079-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF FERNANDO GASTELUM'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY FILING FEE IN THIS MATTER<br><br>(ECF No. 5)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Fernando Gastelum ("Plaintiff"), proceeding *pro se*, filed a complaint in this action on July 12, 2021. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On July 14, 2021, an order issued finding that Plaintiff's application to proceed *in forma pauperis* did not demonstrate entitlement to proceed in this action without prepayment of fees. (ECF No. 5.) Plaintiff was ordered to either file a long form application to proceed without prepayment of fees or pay the filing fee within twenty days. (Id.) On July 26, 2021, Plaintiff filed a long form application. (ECF No. 5.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28

1 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a 2 privilege and not a right.  <u>Rowland v. California Men's Colony, Unit II Men's Advisory Council</u>, 3 506 U.S. 194, 198 n.2 (1993); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984) 4 ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of 5 *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need 6 not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it 7 states that due to his poverty he is unable to pay the costs and still be able to provide himself and 8 his dependents with the necessities of life.  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 9 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees 10 is an exercise of the district court's discretion.  <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1236 (9th 11 Cir. 2015).

12 In assessing whether a certain income level meets the poverty threshold under Section 13 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department 14 of Health and Human Services.  <u>See</u>, <u>e.g.</u>, <u>Paco v. Myers</u>, No. CIV. 13-00701 ACK, 2013 WL 15 6843057 (D. Haw. Dec. 26, 2013); <u>Lint v. City of Boise</u>, No. CV09-72-S-EJL, 2009 WL 16 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  The 2021 Poverty Guidelines 17 for the 48 contiguous states for a household of two is $17,420,  and for a household of four is 18 $26,500.00.   2021 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited 19 August 6, 2021).

20 Plaintiff states that his average income over the past twelve months is $200 per month 21 from employment; and $1265.00 per month from disability (expected to increase to $1,272.00 22 next month).  (ECF No. 5 at 1-2.)  Plaintiff's spouse earns employment income of $1,700 per 23 month over the past twelve months, and is expected to increase to $1,806.00 next month.  (<u>Id.</u>) 24 Thus Plaintiff claims total income between $37,980 and $39,336.  (<u>Id.</u>)  This is well above the 25 poverty level for a family of four.  Further, Plaintiff provides no information regarding whether 26 his sons, which he claims he supports, aged 22 and 32, receive any income.  Plaintiff's monthly 27 expenses are only listed as $2,350 per month.  (<u>Id.</u> at 4-5.)  Plaintiff has over $1,000 in checking 28 accounts.  (<u>Id.</u> at 2.)

Based on all of the information provided, Plaintiff has not demonstrated entitlement to proceed in this action without prepayment of fees and demonstrates he can pay the costs and still be able to provide himself and his dependents with the necessities of life.  If Plaintiff submits objections to this findings and recommendations, he should further address whether the adult sons receive any income, whether through employment or disability or otherwise.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff Fernando Gastelum's application to proceed *in forma pauperis* be DENIED; and

2. Plaintiff be ordered to pay the $402.00 filing fee for this action.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one days of service of this recommendation, Plaintiffs may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 6, 2021**

UNITED STATES MAGISTRATE JUDGE