1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 FERNANDO GASTELUM, | ) Case No.: 1:21-cv-01079-JLT-SAB |
| 12          Plaintiff, | ) |
| 13     v. | ) ORDER DIRECTING CLERK OF COURT TO ENTER DEFAULT AGAINST DEFENDANT |
| 14 CENTRAL VALLEY HOSPITALITY, LLC, | ) CENTRAL VALLEY HOSPITALITY, LLC |
| 15          Defendant. | ) ORDER VACATING SCHEDULING CONFERENCE SET FOR FEBRUARY 14, 2022 |
| 16 | ) (ECF Nos. 13, 14, 16) |
| 17 | ) |

18        Plaintiff Fernando Gastelum is appearing *pro se* in this civil action pursuant to the Americans

19   with Disabilities Act and "California civil rights law."

20        Currently before the Court are Plaintiff's motions for entry of default, filed on November 15,

21   2021 and January 18, 2022.  (ECF Nos. 13, 16.)  As of this date, no motion for default judgment has

22   been filed.  For the reasons discussed herein, the Court shall grant Plaintiff's November 15, 2021 motion

23   and deny the January 18, 2022 motion as moot.  In light of the entry of default, the Court will also vacate

24   the scheduling conference currently set in this matter for February 14, 2022.

25        Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two-step

26   process.  Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D. Cal. Feb.

27   11, 2008).  Entry of default is appropriate as to any party against whom a judgment for affirmative relief

28   is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure

1

1   and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of

2   default, the plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b)(1) and (2).  "Default

3   judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided

4   upon their merits."  In re Hammer, 940 F.2d 524, (9th Cir. 1991) (internal punctuation and citations

5   omitted).

6          This action proceeds against Defendant Central Valley Hospitality, LLC for violations of the

7   ADA and "California civil rights law."  (ECF No. 1.)  The executed summons indicates personal service

8   was effected on Defendant via its General Manager, Angie Early, on October 18, 2021.  (ECF No. 10.)

9   Rule 12 of the Federal Rules of Civil Procedure provides, "a defendant must serve an answer within 21

10  days after being served with the summons and complaint…."  Fed. R. Civ. P. 12(a)(1)(A)(i).

11  Defendant's answer was therefore due by November 10, 2021.  To date, Defendant has not appeared in

12  this action and has failed to respond to service.  Therefore, entry of default is warranted under Rule

13  55(a).  Accordingly, Plaintiff's motion to enter default, filed on November 15, 2021 (ECF No. 13), shall

14  be granted.  Plaintiff's second motion to enter default, captioned "Renewed Application for the Entry of

15  Default against Central Valley Hospitality, LLC" (ECF No. 16) appears duplicative of the November

16  15, 2021 request in that it requests the same relief and therefore shall be denied as moot.[1]

17         While the Court has determined Plaintiff is entitled to entry of default against Defendant Central

18  Valley Hospitality, LLC, Plaintiff must apply to the Court for entry of default *judgment*.  Fed. R. Civ.

19  P. 55(b)(2).  In determining whether to enter default judgment, the Court is free to consider several

20  factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The

21  following are several factors the Court may consider: "(1) the possibility of prejudice to the plaintiff,

22  (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money

23  at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default

24  was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

25

26  [1] Plaintiff indicates in his second request for entry of default that he emailed a copy of his filing to
    Daniel K. Klingenberger, Esq. but it is unclear to the Court who Mr. Klingenberger is or is purported
27  to represent, as Plaintiff does not specify such in his filings and no attorney appearances have been
    made in this action.  Nonetheless, the Court need not speculate as to this matter in light of the Court's
28  finding that entry of default based on Plaintiff's November 15, 2021 filing is appropriate.

1   favoring decisions on the merits. Id. at 1472.  Having been no activity since November 2021 other than

2   Plaintiff's renewed request for entry of default, the Court will order Plaintiff to file a motion for default

3   judgment.  Further, since the Court is directing the Clerk of the Court to enter default against Central

4   Valley Hospitality, LLC, the sole defendant in this litigation, the February 14, 2022 scheduling

5   conference shall be vacated and the parties will not be required to appear on that date.

6           Accordingly, it is HEREBY ORDERED that:

7       1.      Plaintiff's motion to enter default, filed November 15, 2021 (ECF No. 13) is

8               GRANTED;

9       2.      Plaintiff's motion to enter default, filed January 18, 2022 (ECF No. 16) is DENIED as

10              MOOT;

11      3.      The Clerk of Court is DIRECTED to ENTER DEFAULT as to Defendant Central

12              Valley Hospitality, LLC;

13      4.      The Clerk of Court shall serve a copy of this order on Defendant Central Valley

14              Hospitality, LLC at the address of service of the summons and complaint;

15      5.      The scheduling conference set for February 14, 2022 is VACATED;

16      6.      Plaintiff shall file a motion for default judgment within sixty (60) days from the date of

17              service of this order; and

18      7.      Plaintiff is advised that failure to comply with this order shall result in a

19              recommendation that this action be dismissed for failure to prosecute.

20

21   IT IS SO ORDERED.

22   Dated:   __**January 21, 2022**__

23                                                      UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

3