# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL VALLEY HOSPITALITY LLC, dba FAIRFIELD INN & SUITES BY MARRIOTT BAKERSFIELD CENTRAL,<br><br>　　　　Defendant. | Case No. 1:21-cv-01079-JLT-SAB<br><br>ORDER SETTING HEARING ON MOTION FOR DEFAULT JUDGMENT<br><br>ORDER REQUIRING PLAINTIFF TO SUPPLEMENT MOTION FOR DEFAULT JUDGMENT<br><br>ORDER REQUIRING PLAINTIFF TO FILE PROOFS OF SERVICE ON DEFENDANT<br><br>(ECF No. 20)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Fernando Gastelum ("Plaintiff"), proceeding *pro se*, initiated this action on July 12, 2021. (ECF No. 1.) On March 21, 2022, Plaintiff filed a motion for default judgment, but a hearing on the motion was not scheduled. (ECF No. 20.) Accordingly, the Court shall set the matter for hearing, and issue a briefing schedule.

Additionally, upon initial review of the motion for default judgment, the Court finds the following deficiencies in the motion. Plaintiff shall be ordered to supplement his motion for default judgment to address the issues identified in this order.

**A.　　Service**

The court must determine the adequacy of service of process in deciding a motion for default judgment. Automattic Inc. v. Steiner, 82 F. Supp. 3d 1011, 1019 (N.D. Cal. 2015). "A

default judgment entered when there has been no proper service of the complaint is void, and should be set aside." In re Campbell, 105 B.R. 19, 21 (9th Cir. 1989).

Rule 4 of the Federal Rules of Civil Procedure, which governs service of the summons, provides:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

California law allows for service upon an individual by personal delivery to the person to be served. Cal. Civ. Proc. Code § 415.10. California also allows for substitute service upon an individual:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Proc. Code § 415.20(b).

As stated in the statute and emphasized in the Judicial Council comments, substitute service on an individual is only allowed if personal service cannot be effectuated after the exercise of reasonable diligence to personally serve the individual party. See Judicial Council

2

Comment to Cal. Civ. Proc. Code § 415.20(b); Burchett v. City of Newport Beach, 33 Cal. App. 4th 1472, 1477 (1995) ("As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.' "); Jes Solar Co. Ltd. v. Tong Soo Chung, 725 Fed. App'x 467, 470 (9th Cir. 2018) (noting same). Further, "[t]he process server, or other persons with personal knowledge of the facts, must set forth in the proof of service facts showing that the various requirements were complied with [Sections 417.10(a), 417.20(a)]." Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(b). Specifically, Section 417.10(a) states:

> Proof that a summons was served on a person within this state shall be made:
>
> (a) If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a).

Upon review of the record, the Court cannot now determine that service of process was properly effected. First, the Court notes the agent for service of process listed on the California Secretary of State's business search website for Central Valley Hospitality, LLC is Raju Verma, located at the address 8300 Granite Falls Drive, Bakersfield, California 93312.[1] See https://businesssearch.sos.ca.gov/CBS/Detail (last visited Mar. 23, 2022). Plaintiff's process server did not effect service of process on Mr. Verma, but instead served Angie Early at the address of 8312 Espresso Drive, Bakersfield, California 93312. (ECF Nos. 10, 12.) The Court previously accepted this service in light of the process server's averment that Ms. Early was the General Manager for Central Valley Hospitality, LLC. (See id.)

---

[1] The Court takes judicial notice of the business entity details contained on the California Secretary of State's webpage pursuant to Federal Rule of Evidence 201. See also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of records searches on the California Secretary of State corporate search website as the accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.")

1        However, instead of serving the instant motion for default judgment on Ms. Early or Mr. Verma, Plaintiff served his motion on a completely different person, Daniel Klingenberger, Esq., at 5001 E. Commercenter Drive, Suite 300, P.O. Box. 12092, Bakersfield, California 93389-2090, who Plaintiff now states is the proper party for service because Mr. Klingenberger is counsel for Defendant. (ECF No. 20.)  The Court notes the record is devoid of any support for this statement — for example, neither Defendant nor any attorney has made an appearance in this case, Mr. Klingenberger is not designated as an authorized agent of process for Defendant, and Plaintiff provides no explanation as to why he believes Mr. Klingenberger is representing Defendant Central Valley Hospitality, LLC in this lawsuit.  Nonetheless, Plaintiff's new averment casts doubt on the propriety of the initial service of process in this action, as it is no longer clear to the Court that service on Defendant complied with or substantially complied with Federal Rule of Civil Procedure 4.  Thus, in light of the aforementioned inconsistencies now raised, the Court shall require Plaintiff to file supplemental briefing, including declarations or other exhibits as necessary, explaining this inconsistency with the filed executed summonses, as well as explaining why the summonses were served on Ms. Early and not at the addresses for Defendant's agent on file with the California Secretary of State.

        Furthermore, while service of the motion for default judgment is not generally required under Federal Rule of Civil Procedure 55(b)(2), in an abundance of caution, the Court will direct Plaintiff to serve both the agent for service of process designated by Defendant Central Valley Hospitality, LLC's business certificate, Raju Verma, and the purported General Manager for Central Valley Hospitality, LLC, Angie Early, copies of the instant motion with the updated hearing date, and file proofs of service with the Court.

### B.     Barriers that Relate to Plaintiff's Disability

        To prevail on a Title III discrimination claim, Plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Plaintiff was denied public accommodations by the defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Plaintiff indicates his disability is that he is missing a leg and uses a wheelchair for mobility. Plaintiff then identifies a number of purported barriers in conclusory fashion, without explaining how each alleged barrier he encountered related to his disability. Plaintiff shall be required to set forth the information regarding how he encountered each barrier and how it related to his particular disability. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (holding a "barrier" only interferes with a plaintiff's full and equal enjoyment of the facility on account of the plaintiff's particular disability).

### C. Compliance with ADA Accessibility Guidelines ("ADAAG")

The ADA requires business facilities be "readily accessible to and usable by individuals with disabilities," unless it would be "structurally impracticable." 42 U.S.C. § 12183(a)(1); Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). The Ninth Circuit observed, "In general, a facility is readily accessible to and usable by individuals with disabilities if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines,' or the 'ADAAG.' " Oliver, 654 F.3d at 905. These standards are codified at 28 C.F.R. Pt. 36, Appendix A, and are "essentially an encyclopedia of design standards." See id.

As noted, Plaintiff identifies a number of purported barriers in conclusory fashion; he does not explain how each identified barrier fails to comply with the requirements of the ADAAG/ADA Standards. The absence of an ADAAG/ADA Standards violation precludes Plaintiff's ADA claim. See Gastelum v. Tc Heritage Inn 2 of Bakersfield LLC, No. 1:21-cv-1230 JLT BAK (SAB), 2022 WL 541791, at *8 (E.D. Cal. Feb. 23, 2022) (citing Brooke v. Sai Ashish, No. 1:21-cv-00967-AWI-SAB, 2021 WL 4804220, at *8 (E.D. Cal. Oc. 14, 2021), findings and recommendations adopted, 2022 WL 446676 (Feb. 14, 2022)); see also Strojnik v. Bakersfield Convention Hotel I, LLC, 436 F. Supp. 3d 1332, 1339 (E.D. Cal. 2020) (indicating that a plaintiff must identify a specific provision of the ADAAG the defendant violated to establish standing). Accordingly, Plaintiff shall be required to set forth the information identifying the specific provision/s of the ADAAG/ADA Standards each alleged barrier violated.

### D. Threat of Future Harm

Because Plaintiff seeks injunctive relief under the ADA, he must additionally establish a

1 "real and immediate threat of repeated injury" or, in other words, that there is "a sufficient likelihood that he will again be wronged in a similar way." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974); City of L.A. v. Lyons, 461 U.S. 95, 111 (1983)) (internal quotation marks omitted). The Ninth Circuit identified two ways an ADA plaintiff may demonstrate a likelihood of future harm: (1) the plaintiff can show "an intent to return to a noncompliant accommodation" when he would be "likely to reencounter a discriminatory architectural barrier" or (2) a plaintiff can show that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." Chapman, 631 F.3d at 948–50; see also Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008) (discussing deterrence).

Plaintiff elects to proceed with deterrence. To establish deterrence, "an ADA plaintiff must demonstrate that he would return but for the barrier." Feezor v. Sears, Roebuck & Co., 608 Fed. App'x 476, 477 (9th Cir. 2015). Conclusory allegations of deterrence, however, are insufficient. Id. A plaintiff must allege more, such as frequency of travel to a region, to support a determination that he is deterred from a return due to the alleged barriers. See, e.g., Whitaker v. Ramon Bravo, Inc., No. 21-cv-03714-JCS, 2021 WL 4133871, at *4 (N.D. Cal. Sept. 10, 2021) (finding a plaintiff sufficiently alleged imminent future injury based on allegations that he is an ADA tester who frequently travels to the Bay Area, including the Redwood City area where the restaurant was located). In his motion for default judgment, Plaintiff alleges he was "deterred" from revisiting the hotel because it is not fully compliant with disability laws. Because this is the only allegation Plaintiff asserts with respect to deterrence, the allegation is conclusory and insufficient to establish deterrence. Accordingly, Plaintiff shall be required to set forth the factual allegations supporting his assertion of deterrence.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff shall serve copies of his motion for default judgment and this order on Defendant via the agent for service of process listed on the California Secretary of State's business search website for Central Valley Hospitality, LLC, Raju Verma, as well as the identified General Manager for Central Valley Hospitality, LLC,

6

       Angie Early;

2.   Plaintiff shall file proofs of service with the Court **within thirty (30) days** of issuance of this order;

3.   Also **within thirty (30) days** of issuance of this order, Plaintiff shall file supplemental briefing addressing the issues identified in this order; and

4.   A hearing on Plaintiff's motion for default judgment (ECF No. 20) is set for **June 1, 2022**, at **10:00 a.m.** in Courtroom 9 before the Honorable Stanley A. Boone; and

5.   The Court sets the following briefing schedule for the motion:

    a.   Defendant's opposition to the motion for default judgment, if any, is due **May 13, 2022**; and

    b.   Plaintiff's reply, if any, is due **May 25, 2022**.

IT IS SO ORDERED.

Dated:   **March 24, 2022**

UNITED STATES MAGISTRATE JUDGE