# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>            Plaintiff,<br><br>    v.<br><br>CENTRAL VALLEY HOSPITALITY LLC dba FAIRFIELD INN & SUITES BY MARRIOTT BAKERSFIELD CENTRAL,<br><br>            Defendant. | Case No. 1:21-cv-01079-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF Nos. 20, 22)<br><br>**FOURTEEN DAY DEADLINE** |

Currently before the Court is Plaintiff Fernando Gastelum's motion for default judgment, filed on March 21, 2022. (ECF No. 20.) No oppositions were filed and the deadline to do so has now expired. Having considered the moving papers, the declarations and exhibits attached thereto, supplemental briefing, as well as the Court's file, the Court issues the following findings and recommendations recommending Plaintiff's motion for default judgment be DENIED for inadequate service of the summons and complaint.

## I.

## BACKGROUND

**A.   Procedural History**

Plaintiff, proceeding *pro se*, filed this action against Defendant Central Valley Hospitality

1

1   LLC, *doing business as* Fairfield Inn & Suites by Marriott Bakersfield Central on July 12, 2021.
2   (ECF No. 1.)  On October 25, 2021, Plaintiff submitted an executed summons as to Defendant.
3   (ECF No. 10.)  Defendant did not appear or respond in this action.  Thereafter, Plaintiff filed an
4   application to enter default and a renewed motion to enter default against Defendant.  (ECF Nos.
5   13, 16.)  On January 24, 2022, default was entered against Defendant.  (ECF No. 18.)

6        On March 21, 2022, Plaintiff filed the instant motion for default judgment.  (ECF No.
7   20.)  The Court, finding it could not determine whether service of process was properly effected
8   or whether Plaintiff adequately alleged his claims, ordered Plaintiff to file supplemental briefing
9   to address these issues.  (ECF No. 21.)  The hearing on the motion was continued to June 1,
10  2022, to permit Plaintiff time to supplement his motion.  Plaintiff was also ordered to serve
11  notice to Defendant regarding the new hearing date and to file proofs of service with the Court.
12  (Id.)  Plaintiff did not file any additional notice or proof of service with the Court, but does
13  indicate he emailed the documents to attorney Daniel Klingenberger, who is purportedly
14  representing Defendant in this matter.  As noted, no opposition to Plaintiff's motion has been
15  filed.  On April 22, 2022, Plaintiff filed supplemental briefing in response to the Court's March
16  24, 2022 order.  (ECF No. 22.)  On May 26, 2022, the Court vacated the June 1, 2022 hearing,
17  finding that the motion was suitable for decision without oral argument.  (ECF No. 24.)

18      **B.**    **Plaintiff's Allegations**

19      The complaint asserts claims for violations of the Americans with Disabilities Act
20  ("ADA"), and "California civil rights law" against Defendant Central Valley Hospitality LLC,
21  *doing business as* Fairfield Inn & Suites by Marriott Bakersfield Central.[1]  (ECF No. 1 at 1.)
22  Plaintiff clarifies in the instant motion for default judgment that he seeks relief from violations of
23  the ADA and California's Unruh Civil Rights Act.  (ECF No. 20 at 2.)  This is one of sixteen
24  cases Plaintiff has initiated, *pro se*, in the Eastern District.[2]  The Court additionally notes

---

[1] Plaintiff's complaint does not identify discrete claims for relief.  While his complaint states that the hotel in question "was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law" (ECF No. 1 ¶ 4), he does not identify the particular statute or statutes on which he bases his state law claims.  In view of the complaint's request for "[d]amages under California law for $4,000 per violation," (id. at 2), it appears Plaintiff seeks to assert a claim under the Unruh Act.  See Cal. Civ. Code § 52(a).

[2] See Gastelum v. Bed Bath & Beyond Inc., No. 2:21-cv-02274-KJM-DB; Gastelum v. Nw. Target LLC, No. 1:21-cv-01164-JLT-BAK; Gastelum v. Nandi Laksh Inc., No. 1:21-cv-01201-DAD-BAK; Gastelum v. TC Heritage Inn 2

2

Plaintiff appears to have brought approximately 133 similar ADA cases, represented by counsel Peter Strojnik, in the Phoenix, Arizona area.  See, e.g., Gastelum v. Canyon Hosp. LLC, No. CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25, 2018) (citing ten related cases and noting 133 other accessibility cases brought by Plaintiff in Arizona).  Plaintiff alleges Defendant operates a hotel, a public accommodation under the ADA and California's civil rights laws. (ECF No. 1 at 1; ECF No. 20 at 2.)

Plaintiff reports he is "missing a leg and use[s] a wheelchair for mobility."  (ECF No. 1 ¶ 1.)  Plaintiff does not allege where he resides in the complaint; however, the caption of the complaint lists Plaintiff's address as being in Casa Grande, Arizona.  (See id.)  Defendant owns or operates a hotel located at 3540 Rosedale Hwy, Bakersfield, CA 93308 (the "Hotel").  (Id. at ¶ 2.)  Plaintiff visited the Hotel on July 4, 2021.  (Id. at ¶ 3.)  According to Plaintiff, when he got to the Hotel, he "noted that it was not compliant with the Americans with Disabilities act and the California's civil rights laws and California disabled person's laws."  (Id. at ¶ 4.)  Specifically, Plaintiff alleged:

> a. No access aisle in passenger loading zone.  This condition makes it more difficult for me to enter and exit the lobby on the shortest possible route.
>
> b. Doors require twisting of the wrist.  This condition makes it more difficult for me to enter through the doors.
>
> c. Doors require greater than five pounds of force to open. This condition makes it more difficult for me to enter through the doors.
>
> d. Unsecured carpets.  This condition makes it more difficult for me to move my wheelchair over unsecured carpets.
>
> e. No accessible parking near main entrance.  This condition makes me travel further from accessible parking to the lobby.

---

of Bakersfield LLC, No. 1:21-cv-01230-JLT-BAK; Gastelum v. Dick's Sporting Goods Inc., No. 1:21-cv-01289-DAD-JLT; Gastelum v. Nw. Target LLC, No. 1:21-cv-01330-AWI-BAK; Gastelum v. Kohl's Dep't Stores Inc., No. 1:21-cv-01740-JLT-BAM; Gastelum v. Veer Hosp. LLC, No. 1:22-cv-00112-DAD-BAK; Gastelum v. Easiness LP, No. 1:22-cv-00166-DAD-BAK; Gastelum v. Tilly's, Inc., No. 1:22-cv-00178-DAD-BAK; Gastelum v. Tractor Supply Co., No. 1:22-cv-00209-JLT-SAB; Gastelum v. Jackson IV LLC, No. 2:21-cv-01321-TLN-CKD; Gastelum v. LL Sacramento LP, No. 2:21-cv-01481-KJM-JDP; Gastelum v. Arden Fair Assocs., No. 2:21-cv-01722-JAM-AC; Gastelum v. Macy's Inc., No. 2:22-cv-00065-KJM-DB; Gastelum v. Penney OpCo, LLC, No. 2:22-cv-00283-KJM-AC.

    f. Accessible parking is not dispersed to all accessible entrances. This condition requires me to travel further from accessible parking [to] the entrances.

(Id.) Thus, Plaintiff asserts he "was denied equal access to the [hotel] by defendant by not complying with the ADA and California's civil rights law as stated above." (Id. at ¶ 5.) Further, Plaintiff reports he "will not want to revisit the [Hotel] because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California civil rights laws [sic]." (Id. at ¶ 6.) As a result of the aforementioned violations, Plaintiff seeks injunctive relief, costs, and $4,000 per violation (pursuant to the Unruh Act). (See id. at 2–3; ECF No. 20 at 3–4.)

## II.

## LEGAL STANDARD

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)). Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a two-step process. Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, a plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b). Rule 55(b)(2) provides the framework for the Court to enter a default judgment:

 (b) Entering a Default Judgment.

  (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Fed. R. Civ. P. 55.

  The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471–72.

  Generally, once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted). Finally, the relief sought must not be different in kind or exceed the amount that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

///

## III.

## DISCUSSION

The Court must first determine whether it properly has jurisdiction in this matter before it may turn to the Eitel factors to determine whether default judgment should be entered. Here, because the Court finds it lacks jurisdiction due to a lack of service of process, it does not reach analysis of the Eitel factors.

### A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.' "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

Plaintiff brings this action alleging violations of the ADA of 1990, 42 U.S.C. § 12101, *et seq*. Therefore, the Court has original jurisdiction under 28 U.S.C. § 1331. In addition, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims under the Unruh Act, California Civil Code §§ 51, *et seq.*[3]

---

[3] In light of the Court's finding that it lacks jurisdiction over Defendant due to insufficient service, the Court does not reach a merits analysis of the Eitel factors, including consideration of whether exercising supplemental jurisdiction over Plaintiff's Unruh Act claim is appropriate. Nonetheless, the sheer volume of Plaintiff's filings of accessibility litigations in federal court is noteworthy. Plaintiff is advised that, had the Court addressed the underlying merits of this action, it would have been inclined to issue a recommendation to decline to exercise supplemental jurisdiction over the Unruh Act claim, on the basis that exercising supplemental jurisdiction over Plaintiff's Unruh Act claim in this case "would not further the interest of judicial economy, convenience, fairness and comity." See Johnson v. Techbusiness Res., LLC, No. 20-cv-06048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020) (citations omitted). Such a recommendation is consistent with the growing trend amongst California

**B.     Service of Process on Defendant**

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment. See J & J Sports Prods., Inc. v. Singh, No. 1:13-cv-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action."). Service of the summons and complaint is the procedure by which a court having venue and jurisdiction of the subject matter of the suit obtains jurisdiction over the person being served. Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444–45 (1946); see Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc. (Direct Mail), 840 F.2d 685, 688 (9th Cir. 1988) ("A federal

---

district courts to consider the state procedural requirements in ADA cases (similar to the instant matter) as a basis for declining to exert supplemental jurisdiction over the plaintiff's Unruh and other state law claims. See, e.g., Brooke v. Suites LP, No. 3:20-cv-01217-H-AHG, 2020 WL 6149963, at *6 (S.D. Cal. Oct. 19, 2020) (finding plaintiff sufficiently pled ADA claim but declining to exercise supplemental jurisdiction over Unruh Act claim "because it substantially predominates over [the plaintiff's] federal claim under the ADA and exceptional circumstances favor dismissal, including the Court's interests in comity and discouraging forum-shopping."); Brooke v. Tides Hosp. LLC, No. 8:21-cv-00755-JLS-JDE (C.D. Cal. Jun. 4, 2021) (order to show cause why the court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim); Whitaker v. Mac, 411 F. Supp. 3d 1108 (C.D. Cal. 2019) (denying defendant's motion to dismiss plaintiff's ADA claim but granting defendant's request to decline to exercise supplemental jurisdiction over plaintiff's Unruh claim); Langer v. Kiser, 516 F. Supp. 3d 1066 (S.D. Cal. 2021) (entering judgment in defendant's favor after bench trial on ADA claim, and declining to retain supplemental jurisdiction over plaintiff's Unruh claim based on compelling interests of comity and discouraging forum shopping); Marquez v. KBMS Hosp. Corp., 492 F. Supp. 3d 1058 (C.D. Cal. 2020) (following *sua sponte* order to show cause why court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh claim, dismissing Unruh claim without prejudice to refiling in state court and retaining jurisdiction over ADA claim only).  More specifically, California Code of Civil Procedure § 425.55(b) defines a "high-frequency litigant" as a plaintiff or attorney who has filed 10 or more complaints alleging a construction-related accessibility violation that includes a claim under the Unruh Act within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, and requires that "additional safeguards apply so as to ensure that the claims are warranted."  "Additional safeguards" required of such "high-frequency litigants" include: identifying the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the last 12 months prior to the filing of the complaint; the reason the individual was in the geographic area of the defendant's business; the reason why the individual desired access to the defendant's business, including the specific commercial, business, personal, social leisure, recreational, or other purpose; the complaint must be verified; and the litigant must pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees.  Cal. Code Civ. P. § 425.50; Cal. Gov't Code § 70616.5.  The legislature justified these additional requirements for "high-frequency litigants" on the express basis that "more than one-half . . . of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms. . . .  Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation.  This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act . . . and the federal Americans with Disability Act of 1990."  Cal. Code Civ. P. § 425.55(a)(2).

court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation, association, or partnership. Pursuant to Rule 4(h), a corporation "or a partnership or other unincorporated association that is subject to suit under a common name" must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1)(A)–(B).

Rule 4(e) provides that service may be effectuated on a competent, adult individual by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). In California, a corporation may be served by delivery to the person designated as an agent for service of process, or to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b). In California, a general or limited partnership may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership." Cal. Civ. Proc. Code § 416.40(a). Other unincorporated associations may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a

general manager, or a person authorized by the association to receive service of process." Cal. Civ. Proc. Code § 416.40(b).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail, 840 F.2d at 688 (quoting United Food & Com. Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." SEC v. Internet Sols. for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)). Further, "[o]nce service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

Here, Plaintiff submitted an executed summons as to Defendant on October 25, 2021. (ECF No. 10.) Plaintiff's process server personally served Angie Early at the address of 8312 Espresso Drive, Bakersfield, California 93312 on October 18, 2021, at 5:07 p.m. (ECF Nos. 10, 12.) The executed summons and supplemental certificate of service affidavit indicate Ms. Early is the "General Manager" for Valley Hospitality, LLC. (ECF No. 10 at 1; ECF No. 12 at 1.) However, a review of the California Secretary of State's business search website for Central Valley Hospitality, LLC indicates that the agent for service of process for Central Valley Hospitality, LLC is Raju Verma, located at the address 8300 Granite Falls Drive, Bakersfield, California 93312.[4] (See ECF No. 21 at 3.) By contrast, the address at which Ms. Early was served is for the Residence Inn Bakersfield West,[5] which suggests Ms. Early was the general

---

[4] The Court takes judicial notice of the business entity details contained on the California Secretary of State's webpage pursuant to Federal Rule of Evidence 201. See also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (taking judicial notice of records searches on the California Secretary of State corporate search website as the accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.")

[5] An independent review by the Court of judicially noticeable facts reveals the address at which Ms. Early was served is the location of the Marriott Residence Inn Bakersfield West. See MARRIOTT HOTELS OVERVIEW, https://www.marriott.com/en-us/hotels/bflrw-residence-inn-bakersfield-west/overview/ (last visited Jun. 7, 2022).

manager of the *Hotel*, not the corporate entity Valley Hospitality, LLC.  Further, Plaintiff served the instant motion for default judgment on yet another person, attorney Daniel Klingenberger at 5001 E. Commercenter Drive, Suite 300, P.O. Box 12092, Bakersfield, California 93389-2090. (See ECF No. 20 at 4.)  Plaintiff has averred Mr. Klingenberger currently represents Defendant in this matter, though it is unclear when such representation commenced.  Also unclear is whether Plaintiff provided copies of the summons and complaint to Mr. Klingenberger.  As noted previously, the multiple inconsistencies regarding service made it unclear to the Court whether service on Defendant complied with or substantially complied with Rule 4; accordingly, the Court ordered Plaintiff to submit supplemental briefing, including declarations or other exhibits as necessary, to explain the inconsistencies and demonstrate service was properly effected on Defendant.  (ECF No. 21 at 1–4.)  The Court additionally, in an abundance of caution, directed Plaintiff to serve both the agent for service of process designated by Defendant Central Valley Hospitality, LLC's business certificate (Raju Verma) as well as the purported "General Manager" for Central Valley Hospitality, LLC (Angie Early), copies of the motion for default judgment with the updated hearing date, and file proofs of service with the Court.  (Id. at 4, 6–7.)

On April 22, 2022, Plaintiff filed supplemental briefing in response to the Court's March 24, 2022 order.  (ECF No. 22.)  However, he did not separately file any additional notices or proofs of service as directed to do by the Court.[6]  Instead, the supplemental briefing indicates that, after the process server served Ms. Early at the Hotel on October 18, 2021, Plaintiff received an email from Mr. Klingenberger advising that he represents Defendant and stating, "I have authority to accept service of process on behalf of Central Valley Hospitality, LLC for this matter only."  (Id. at 1; Ex. 1, ECF No. 22 at 5.)

Nonetheless, the Court finds Plaintiff's email exhibits do not establish service of the summons and complaint on Defendant in "substantial compliance" with Rule 4, with respect to either the original service on Ms. Early or the subsequent communications with Mr.

---

[6] In his supplemental briefing, which is verified, Plaintiff states he emailed a copy of the Court's March 24, 2022 order to Mr. Klingenberger on April 18, 2022, and "other filings [unspecified] . . . to Mr. Klingenberger previously." (ECF No. 22 at 3.)

Klingenberger, for the reasons discussed herein.

    1.    <u>Angie Early</u>

With respect to the service of process effected on Ms. Early, the Court cannot find Plaintiff established compliance with Rule 4. As noted above, Rule 4(h) permits an individual to be served on behalf of a corporation pursuant to Rule 4(e), Fed. R. Civ. P. 4(h)(1)(A), *or* by personally serving "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). Plaintiff has not complied with subdivision (B), as the proper officer/managing or general agent/other authorized agent to accept service of process on behalf of the corporate entity Central Valley Hospitality, LLC is not Ms. Early, but Mr. Raju Verma. <u>See</u> CALIFORNIA SECRETARY OF STATE BUSINESS SEARCH, https://bizfileonline.sos.ca.gov/search/business (last visited Jun. 7, 2022). Indeed, Mr. Klingenberger advises Plaintiff of the same during their email correspondence, when he states:

> From what I can tell regarding the paperwork in this matter you did not serve the agent for service of process for Central Valley Hospitality LLC. The agent for service of process is Mr. Raju Verma. Inasmuch as service was not accomplished correctly, I request that you withdraw your Application for Enter [sic] Default.

(ECF No. 22 at 5.)[7]

Nor does the Court find Plaintiff has complied with subdivision (A) for personal service as permitted under Rule 4(e)(1).[8] As noted above, California law, like Rule 4, requires service on a corporate entity to be effected on the person designated as an agent for service of process, or the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of

---

[7] It is unclear why Defendant never made a special appearance to move to set aside the entry of default, as this would have been the proper course of action to ensure denial of the instant motion for default judgment.

[8] None of the provisions under Rule 4(e)(2) are applicable here. That is, the summons and complaint were not "personally" delivered to Defendant Central Valley Hospitality, LLC, a corporation; nor does Defendant, a corporate entity, have a "usual place of abode." Fed. R. Civ. P. 4(e)(2)(A)–(B). Finally, "delivering a copy of each to an agent authorized . . . to receive service of process" did not occur, Fed. R. Civ. P. 4(e)(2)(C), for the same reasons previously discussed.

11

process." Cal. Civ. Proc. Code § 416.10(a)–(b). As the Court has noted, Ms. Early holds none of these positions with Central Valley Hospitality, LLC, and she is not the designated agent for service of process for Central Valley Hospitality, LLC on the corporate information page on the Secretary of State's website.

Plaintiff's argument that service on Ms. Early was appropriate because she is a "general manager" is unavailing. Nothing in the record demonstrates Ms. Early is a "general manager" of Central Valley Hospitality, LLC within the sense contemplated by Cal. Civ. Proc. Code § 416.10; at most, she appears to be a "general manager" at the Hotel, which is where Ms. Early was served. California courts have held these job titles are not equivocal for purposes of effecting service on a corporate entity. In Bakersfield Hacienda, Inc. v. Superior Court In & For Kern County, for example, the California Fifth District Court of Appeal provided an extensive explanation of the differences between the two positions when it declined to find service on the "general manager" of the Hacienda Motel constituted personal service on the corporation, Bakersfield Hacienda, Inc.:

> [T]he general manager of a motel is not the general manager of the corporation. The legislative history of section 411 of the Code of Civil Procedure shows that the term "general manager" was substituted by the Legislature for the term "managing agent" that formerly occupied the same position in the section; this fact reinforces our assurance that the intention of the Legislature as expressed in the present code section is to permit service to be made upon the general manager of the corporation and not simply on a managing agent of one part of its business.
>
> Black's Law Dictionary (4th ed. 1957) page 814, defines general manager as follows:
>
> "One having general direction and control of corporation's affairs, and who may do everything which corporation could do in transaction of its business. . . . A manager for all general purposes of the corporation."
>
> The term "general manager of a corporation" indicates one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business; he may do everything which the corporation could do in transaction of its business.

199 Cal. App. 2d 798, 803–04 (Ct. App. 1962) (internal citations omitted). In sum, Ms. Early was not the proper party for service with respect to the limited liability corporation Central

1  Valley Hospitality.

2  Finally, to the extent Plaintiff suggests service on Ms. Early was proper via substituted
3  service, such argument also fails. As potentially relevant here, California law permits substitute
4  service at the defendant's "usual place of business," after personal service has been attempted
5  with reasonable diligence, and provided that service is effected on a "person apparently in
6  charge," who is "at least 18 years of age, [and] who shall be informed of the contents" of the
7  summons, and copies must thereafter be mailed to the defendant at the same address where the
8  documents were left. Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to
9  show reasonable diligence to effect personal service and each case must be judged upon its own
10 facts." Evartt v. Super. Ct., 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). "Although there is
11 no established formula for reasonable diligence, two or three attempts to personally serve
12 defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.' " Johnson v.
13 Bozorghadad, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020)
14 (citation, internal quotation marks, and alteration omitted), report and recommendation
15 adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020).

16 Here, neither the executed summons nor service affidavit includes facts demonstrating
17 compliance with any of the requirements of substitute service. As an initial note, the Court is
18 unpersuaded that the Hotel constitutes Defendant's "usual place of business." To the contrary,
19 Defendant's corporate statement filed with the Secretary of State indicates both the principal
20 address and mailing address for Central Valley Hospitality, LLC is 8300 Granite Falls Drive,
21 Bakersfield, California 93312, and not 8312 Espresso Drive, Bakersfield, California 93312,
22 where Ms. Early was served. Nor do the executed summons or service affidavit indicate the
23 process server made any prior attempts to serve Mr. Verma at Defendant's 8300 Granite Falls
24 Drive address before serving Ms. Early at the Hotel. Thus, reasonable diligence is not
25 established. Cal. Civ. Proc. Code § 415.20(b); Johnson, 2020 WL 963377, at *4 (rejecting
26 service not effected at correct place of business); see also Bakersfield Hacienda, Inc., 199 Cal.
27 App. 2d at 803–05 (finding "utter failure to show any diligence whatsoever in attempting to
28 serve a corporate defendant by personal service on one of [its] officers" where service was only

attempted on the general manager of the motel and not the general manager of the corporation).

Nor do the executed summons or service affidavit aver facts demonstrating Ms. Early was "a person apparently in charge" or of "suitable age and discretion." (See generally ECF Nos. 10, 12); see also Cal. Code Civ. Proc. § 415.20(b). The "apparently in charge" requirement is vital because, "[f]or substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, service must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." Produce v. Cal. Harvest Healthy Foods Ranch Mkt., No. C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks, alteration, and citations omitted). "[I]f service [is] improper, that may well explain the failure of a defendant to appear in a lawsuit." Folkmanis, Inc. v. Uptown Toys LLC, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted). The mere statement that Ms. Early is a "general manager" is conclusory.

Similarly, the service affidavit states in conclusory fashion that Ms. Early was "informed . . . of the contents [of the documents being served]," but no facts are proffered to demonstrate Ms. Early actually understood the significance of the documents being handed her, or that she was required to forward the documents to Central Valley Hospitality, LLC. "This requirement is critical because if [the person who is "apparently in charge"] did not know or understand the significance of the documents that [the process server] handed him, the documents may have ended up in a junk pile or recycling bin, rather than in [the defendant's] hands." Bouyer v. 603 San Fernando Rd., LLC, No. CV-20-3853-MWF (PVCx), 2020 WL 7711840, at *2 (C.D. Cal. Nov. 2, 2020). The Court also notes the service affidavit includes boilerplate language indicating service was effected "in compliance with state statutes," but it does not actually identify which rule or statute was followed in order to establish that substitute service was, in fact, in compliance with any of the aforementioned legal authorities, or otherwise aver any facts to describe how the substitute service was completed.

Finally, neither the executed summons nor service affidavit indicate that, after effecting service, copies of the summons and complaint were mailed to Central Valley Hospitality, LLC at

the same address, as required by Cal. Code Civ. Proc. § 415.20(b).

Based on this record, the Court finds adequate service was not made on Defendant Central Valley Hospitality, LLC through Angie Early.

2. <u>Daniel Klingenberger</u>

Nor can the Court conclude that adequate service of process was effected on Defendant through Mr. Klingenberger. Plaintiff attaches a series of email communications between himself and Mr. Klingenberger, presumably in support of the contention that he served Defendant in substantial compliance with Rule 4. (<u>See</u> ECF No. 22 at 5–14.) Plaintiff proffers that after Ms. Early was served on October 18, 2021, he received an email from Mr. Klingenberger on November 30, 2021. (<u>Id.</u> at 1.) In the November 30, 2021 email, Mr. Klingenberger informs Plaintiff that he represents Defendant Central Valley Hospitality, LLC, and that he has authority to accept service of process on behalf of Defendant "for this matter only." (<u>Id.</u> at 1, 5.) However, there is no indication that Plaintiff ever subsequently served process on Mr. Klingenberger, or that Mr. Klingenberger accepted such service on behalf of Defendant. Instead, the only document Mr. Klingenberger acknowledges receiving from Plaintiff is a letter dated November 10, 2021, which contained Plaintiff's draft application to enter default.[9] (<u>See</u> <u>id.</u> at 5.)

Indeed, conspicuously absent from the record — including all of Plaintiff's attached email communications and averments — is any acceptance of service, any acknowledgment of receipt of a copy of the summons and complaint, or any waiver of service by Mr. Klingenberger. For example, Plaintiff avers that he emailed a copy of his renewed request for entry of default to Mr. Klingenberger (ECF No. 16 at 1–2); he mailed a copy of his motion for default judgment to Mr. Klingenberger (ECF No. 20 at 4; ECF No. 22 at 2); and he emailed a copy of his supplemental briefing in support of the motion for default judgment to Mr. Klingenberger (ECF

---

[9] Subsequent communications in the attached emails include several attachments (though the attachments themselves are not provided and therefore cannot be verified) that Plaintiff sent to Mr. Klingenberger, titled "Photos" (ECF No. 22 at 7), "2022-01-13 RENEWED APP FOR DEFAULT" (<u>id.</u> at 8), "Doc 18 – Entry of Default" and "Doc 17 – Order Directing Clerk to Enter Default" (<u>id.</u> at 9), "2022-02-21 email to Daniel Klingerberger" (<u>id.</u> at 12), "2022-03-17 M4Default Judgment" (<u>id.</u> at 13), "2022-04-15 Response to Default Order ECF 21," "2022-04-15 Exhibits 1 – Email String," "Doc 21 – Order Setting Hearing on Motion for Default Judgment," and "2022-04-15 Acceptance of Service" (<u>id.</u> at 14), and various "image.png" attachments (<u>see</u> <u>id.</u> at 9, 10, 13).

No. 22 at 3).  And, as already noted, the executed summons and service affidavit indicate only Ms. Early was served a copy of the summons and complaint by the process server (and nothing in the record reflects that she forwarded those documents to Mr. Klingenberger).  (ECF Nos. 10, 12.)  In sum, nothing in the record indicates that Plaintiff provided Mr. Klingenberger a copy of the summons and complaint.[10]  Based on this record, the Court finds adequate service was not made on Defendant Central Valley Hospitality, LLC through Daniel Klingenberger.

As noted, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " Direct Mail, 840 F.2d at 688; Benny, 799 F.2d at 492.  For the foregoing reasons, the Court finds Plaintiff did not substantially comply with Rule 4, despite being provided an opportunity to supplement the record and demonstrate compliance.  Because the Court finds an utter failure to effect service of process of Defendant in this matter, it lacks jurisdiction over Defendant, Direct Mail, 840 F.2d at 688, and therefore does not reach the merits of whether Plaintiff adequately alleged his claims or analysis of the remaining Eitel factors for purposes of this motion for default judgment.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for default judgment (ECF No. 23) be DENIED for inadequate service of the summons and complaint.

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to Defendant at the principal/mailing address designated with the California Secretary of State and via its attorney, Daniel Klingenberger.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these

---

[10] The Court also notes that, in an email dated April 14, 2022, Plaintiff requested Mr. Klingenberger sign an Acceptance of Service of Process document on April 14, 2022, though Mr. Klingenberger's response to the email, if any, is not provided in Plaintiff's exhibits.  This very recent email exchange lends further support to the conclusion that service was not properly effected.

findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2022**

UNITED STATES MAGISTRATE JUDGE