1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, | Case No.  1:21-cv-01079-JLT-SAB |
| Plaintiff, | SECOND AMENDED FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| CENTRAL VALLEY HOSPITALITY LLC dba FAIRFIELD INN & SUITES BY MARRIOTT BAKERSFIELD CENTRAL, | (ECF Nos. 20, 22, 25, 26, 27, 28) |
| Defendant. | **FOURTEEN DAY DEADLINE** |

Plaintiff Fernando Gastelum ("Plaintiff") is proceeding *pro se* in this accessibility litigation pursuant to the Americans with Disabilities Act (ADA) and state law against Defendant Central Valley Hospitality LLC, *doing business as* Fairfield Inn & Suites by Marriott Bakersfield Central ("Defendant" or "Central Valley Hospitality").  Currently before the Court is Plaintiff's motion for default judgment, filed on March 21, 2022.  (ECF No. 20.)  Having considered the moving papers, the declarations and exhibits attached thereto, Plaintiff's initial supplemental briefing, as well as the Court's file and Plaintiff's subsequent filings, the Court issues the following second amended findings and recommendations recommending Plaintiff's motion for default judgment be DENIED for inadequate service of the summons and complaint.

///
///

1

# I.

## BACKGROUND

### A.     Procedural History

Plaintiff initiated this action on July 12, 2021.  (ECF No. 1.)  On October 25, 2021, Plaintiff submitted an executed summons as to Defendant.  (ECF No. 10.)  Defendant did not appear or respond in this action.  Thereafter, Plaintiff filed an application to enter default and a renewed motion to enter default against Defendant.  (ECF Nos. 13, 16.)  On January 24, 2022, default was entered against Defendant.  (ECF No. 18.)

On March 21, 2022, Plaintiff filed the instant motion for default judgment.  (ECF No. 20.)  The Court, finding it could not determine whether service of process was properly effected or whether Plaintiff adequately alleged his claims, ordered Plaintiff to file supplemental briefing to address these issues.  (ECF No. 21.)  The hearing on the motion was continued to June 1, 2022, to permit Plaintiff time to supplement his motion.  Plaintiff was also ordered to serve notice to Defendant regarding the new hearing date and to file proofs of service with the Court.  (Id.)  Plaintiff did not file any additional notice or proof of service with the Court, but indicated he emailed the documents to attorney Daniel Klingenberger, who is purportedly representing Defendant in this matter.  No oppositions were filed.  On April 22, 2022, Plaintiff filed supplemental briefing in response to the Court's March 24, 2022 order.  (ECF No. 22.)  On May 26, 2022, the Court vacated the June 1, 2022 hearing, finding that the motion was suitable for decision without oral argument.  (ECF No. 24.)  On June 9, 2022, the Court issued findings and recommendations to deny the motion due to inadequate service of process.  (ECF No. 25.)  The parties were granted fourteen days to file any objections to the findings and recommendations.  (Id. at 16–17.)

On June 27, 2022, instead of filing objections to the findings and recommendations, Plaintiff filed a "Motion to Accept New Proof of Service of Process, Grant Defendant Time to Respond, and Place Case on Active Calendar," which the Court construed as further supplemental briefing in support of his motion for default judgment, with a request, if granted, to set aside the entry of default against Defendant Central Valley Hospitality LLC, and grant

Defendant an extension of time to file a response to the complaint.  (ECF No. 26.)  In the supplemental briefing, Plaintiff proffered that, in response to the Court's findings and recommendations, he "engaged a new process server who personally served Defendant's statutory agent on June 20, 2022."  (ECF No. 26 at 1 (citing id. at 3 (proof of service)).)

On July 7, 2022, the Court issued amended findings and recommendations, again recommending denial of Plaintiff's motion for default judgment on the basis of defective service of process and noting Plaintiff's supplemental briefing and subsequent service did not cure the original defects.  (ECF No. 27.)  The parties were granted fourteen days to file objections to the amended findings and recommendations.

On July 20, 2022, again, instead of filing objections to the findings and recommendations, Plaintiff filed a motion to accept new proof of service of process, grant Defendant time to respond, and place case on active calendar.  (ECF No. 28.)  Attached to this filing is an amended proof of service dated June 20, 2022, and a copy of the statement of information page from the Office of the Secretary of State for the limited liability company Central Valley Hospitality, which was filed and signed on June 16, 2022.  The Court construes Plaintiff's July 20, 2022 filing as further supplemental briefing in support of Plaintiff's motion for default judgment, with a request, if granted, to set aside the entry of default against Defendant Central Valley Hospitality LLC, and grant Defendant an extension of time to file a response to the complaint.

### B.      Plaintiff's Allegations

The complaint asserts claims for violations of the Americans with Disabilities Act ("ADA"), and "California civil rights law" against Defendant Central Valley Hospitality LLC, *doing business as* Fairfield Inn & Suites by Marriott Bakersfield Central.[1]  (ECF No. 1 at 1.)  Plaintiff clarifies in the instant motion for default judgment that he seeks relief from violations of the ADA and California's Unruh Civil Rights Act.  (ECF No. 20 at 2.)  This is one of sixteen

---

[1] Plaintiff's complaint does not identify discrete claims for relief.  While his complaint states that the hotel in question "was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law" (ECF No. 1 ¶ 4), he does not identify the particular statute or statutes on which he bases his state law claims.  In view of the complaint's request for "[d]amages under California law for $4,000 per violation," (id. at 2), it appears Plaintiff seeks to assert a claim under the Unruh Act.  See Cal. Civ. Code § 52(a).

cases Plaintiff has initiated, *pro se*, in the Eastern District.[2]  The Court additionally notes Plaintiff appears to have brought approximately 133 similar ADA cases, represented by former counsel Peter Strojnik, in the Phoenix, Arizona area.  See, e.g., Gastelum v. Canyon Hosp. LLC, No. CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25, 2018) (citing ten related cases and noting 133 other accessibility cases brought by Plaintiff in Arizona).  Plaintiff alleges Defendant operates a hotel, a public accommodation under the ADA and California's civil rights laws.  (ECF No. 1 at 1; ECF No. 20 at 2.)

Plaintiff reports he is "missing a leg and use[s] a wheelchair for mobility."  (ECF No. 1 ¶ 1.)  Plaintiff does not allege where he resides in the complaint; however, the caption of the complaint lists Plaintiff's address as being in Casa Grande, Arizona.  (See id.)  Defendant owns or operates a hotel located at 3540 Rosedale Hwy, Bakersfield, CA 93308 (the "Hotel").  (Id. at ¶ 2.)  Plaintiff visited the Hotel on July 4, 2021.  (Id. at ¶ 3.)  According to Plaintiff, when he got to the Hotel, he "noted that it was not compliant with the Americans with Disabilities act and the California's civil rights laws and California disabled person's laws."  (Id. at ¶ 4.)  Specifically, Plaintiff alleged:

a. No access aisle in passenger loading zone.  This condition makes it more difficult for me to enter and exit the lobby on the shortest possible route.

b. Doors require twisting of the wrist.  This condition makes it more difficult for me to enter through the doors.

c. Doors require greater than five pounds of force to open.  This condition makes it more difficult for me to enter through the doors.

d. Unsecured carpets.  This condition makes it more difficult for me to move my wheelchair over unsecured carpets.

---

[2] See Gastelum v. Bed Bath & Beyond Inc., No. 2:21-cv-02274-KJM-DB; Gastelum v. Nw. Target LLC, No. 1:21-cv-01164-JLT-BAK; Gastelum v. Nandi Laksh Inc., No. 1:21-cv-01201-DAD-BAK; Gastelum v. TC Heritage Inn 2 of Bakersfield LLC, No. 1:21-cv-01230-JLT-BAK; Gastelum v. Dick's Sporting Goods Inc., No. 1:21-cv-01289-DAD-JLT; Gastelum v. Nw. Target LLC, No. 1:21-cv-01330-AWI-BAK; Gastelum v. Kohl's Dep't Stores Inc., No. 1:21-cv-01740-JLT-BAM; Gastelum v. Veer Hosp. LLC, No. 1:22-cv-00112-DAD-BAK; Gastelum v. Easiness LP, No. 1:22-cv-00166-DAD-BAK; Gastelum v. Tilly's, Inc., No. 1:22-cv-00178-DAD-BAK; Gastelum v. Tractor Supply Co., No. 1:22-cv-00209-JLT-SAB; Gastelum v. Jackson IV LLC, No. 2:21-cv-01321-TLN-CKD; Gastelum v. LL Sacramento LP, No. 2:21-cv-01481-KJM-JDP; Gastelum v. Arden Fair Assocs., No. 2:21-cv-01722-JAM-AC; Gastelum v. Macy's Inc., No. 2:22-cv-00065-KJM-DB; Gastelum v. Penney OpCo, LLC, No. 2:22-cv-00283-KJM-AC.

e. No accessible parking near main entrance.  This condition makes me travel further from accessible parking to the lobby.

f. Accessible parking is not dispersed to all accessible entrances.  This condition requires me to travel further from accessible parking [to] the entrances.

(Id.)  Thus, Plaintiff asserts he "was denied equal access to the [hotel] by defendant by not complying with the ADA and California's civil rights law as stated above."  (Id. at ¶ 5.)  Further, Plaintiff reports he "will not want to revisit the [Hotel] because it is not fully compliant with the Americans with Disabilities Act and the California's civil rights laws and California civil rights laws [sic]."  (Id. at ¶ 6.)  As a result of the aforementioned violations, Plaintiff seeks injunctive relief, costs, and $4,000 per violation (pursuant to the Unruh Act).  (See id. at 2–3; ECF No. 20 at 3–4.)

## II.

## LEGAL STANDARD

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible."  NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).  Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a two-step process.  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, a plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b).  Rule 55(b)(2) provides the framework for the Court to enter a default judgment:

(b) Entering a Default Judgment.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application

5

at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55.

The decision to grant a motion for entry of default judgment is within the discretion of the court. PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471–72.

Generally, once default has been entered, "the factual allegations of the complaint, except those relating to damages, will be taken as true." Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."). Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (internal citation omitted). Finally, the relief sought must not be different in kind or exceed the amount

1  that is demanded in the pleadings.  Fed. R. Civ. P. 54(c).

2                                    **III.**

3                              **DISCUSSION**

4        The Court must first determine whether it properly has jurisdiction in this matter before it

5  may turn to the Eitel factors to determine whether default judgment should be entered.  Here,

6  because the Court finds it lacks jurisdiction due to a lack of service of process, it does not reach

7  analysis of the Eitel factors.

8        **A.        Subject Matter Jurisdiction**

9        Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

10 that granted by Congress.  U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28

11 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

12 Constitution, laws, or treaties of the United States.'  "A case 'arises under' federal law either

13 where federal law creates the cause of action or where the vindication of a right under state law

14 necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez,

15 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

16 v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he presence or

17 absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

18 provides that federal jurisdiction exists only when a federal question is presented on the face of

19 the plaintiff's properly pleaded complaint."   Republican Party of Guam, 277 F.3d at 1089

20 (citations omitted).

21       Plaintiff brings this action alleging violations of the ADA of 1990, 42 U.S.C. § 12101, *et*

22 *seq*.  Therefore, the Court has original jurisdiction under 28 U.S.C. § 1331.  In addition, the

23 Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's

24 related state law claims under the Unruh Act, California Civil Code §§ 51, *et seq.*[3]

---

25 [3] In light of the Court's finding that it lacks jurisdiction over Defendant due to insufficient service, the Court does
26 not reach a merits analysis of the Eitel factors, including consideration of whether exercising supplemental
   jurisdiction over Plaintiff's Unruh Act claim is appropriate.  Nonetheless, the sheer volume of Plaintiff's filings of
27 accessibility litigations in federal court is noteworthy.  Plaintiff is advised that, had the Court addressed the
   underlying merits of this action, it would have been inclined to issue a recommendation to decline to exercise
28 supplemental jurisdiction over the Unruh Act claim, on the basis that exercising supplemental jurisdiction over
   Plaintiff's Unruh Act claim in this case "would not further the interest of judicial economy, convenience, fairness

**B.      Service of Process on Defendant**

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment.  See J & J Sports Prods., Inc. v. Singh, No. 1:13-cv-1453-LJO-BAM, 2014 WL 1665014, at *2 (E.D. Cal. Apr. 23, 2014); Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008); Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (stating that if party "failed to serve [defendant] in the earlier action, the default judgment is void and has no res judicata effect in this action."). Service of the summons and complaint is the procedure by which a court having venue and jurisdiction of the subject matter of the suit obtains jurisdiction over the person being served. Miss. Publ'g Corp. v. Murphree, 326 U.S. 438, 444–45 (1946); see Direct Mail Specialists, Inc.

---

and comity."  See Johnson v. Techbusiness Res., LLC, No. 20-cv-06048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020) (citations omitted).  Such a recommendation is consistent with the growing trend amongst California district courts to consider the state procedural requirements in ADA cases (similar to the instant matter) as a basis for declining to exert supplemental jurisdiction over the plaintiff's Unruh and other state law claims.  See, e.g., Brooke v. Suites LP, No. 3:20-cv-01217-H-AHG, 2020 WL 6149963, at *6 (S.D. Cal. Oct. 19, 2020) (finding plaintiff sufficiently pled ADA claim but declining to exercise supplemental jurisdiction over Unruh Act claim "because it substantially predominates over [the plaintiff's] federal claim under the ADA and exceptional circumstances favor dismissal, including the Court's interests in comity and discouraging forum-shopping."); Brooke v. Tides Hosp. LLC, No. 8:21-cv-00755-JLS-JDE (C.D. Cal. Jun. 4, 2021) (order to show cause why the court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh Act claim); Whitaker v. Mac, 411 F. Supp. 3d 1108 (C.D. Cal. 2019) (denying defendant's motion to dismiss plaintiff's ADA claim but granting defendant's request to decline to exercise supplemental jurisdiction over plaintiff's Unruh claim); Langer v. Kiser, 516 F. Supp. 3d 1066 (S.D. Cal. 2021) (entering judgment in defendant's favor after bench trial on ADA claim, and declining to retain supplemental jurisdiction over plaintiff's Unruh claim based on compelling interests of comity and discouraging forum shopping); Marquez v. KBMS Hosp. Corp., 492 F. Supp. 3d 1058 (C.D. Cal. 2020) (following sua sponte order to show cause why court should not decline to exercise supplemental jurisdiction over plaintiff's Unruh claim, dismissing Unruh claim without prejudice to refiling in state court and retaining jurisdiction over ADA claim only).  More specifically, California Code of Civil Procedure § 425.55(b) defines a "high-frequency litigant" as a plaintiff or attorney who has filed 10 or more complaints alleging a construction-related accessibility violation that includes a claim under the Unruh Act within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, and requires that "additional safeguards apply so as to ensure that the claims are warranted."  "Additional safeguards" required of such "high-frequency litigants" include: identifying the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the last 12 months prior to the filing of the complaint; the reason the individual was in the geographic area of the defendant's business; the reason why the individual desired access to the defendant's business, including the specific commercial, business, personal, social leisure, recreational, or other purpose; the complaint must be verified; and the litigant must pay a $1,000 filing fee at the time of the filing of the initial complaint in addition to the standard filing fees.  Cal. Code Civ. P. § 425.50; Cal. Gov't Code § 70616.5.  The legislature justified these additional requirements for "high-frequency litigants" on the express basis that "more than one-half . . . of all construction-related accessibility complaints filed between 2012 and 2014 were filed by two law firms.  . . . Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation.  This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act . . . and the federal Americans with Disability Act of 1990."  Cal. Code Civ. P. § 425.55(a)(2).

v. Eclat Computerized Techs., Inc. (Direct Mail), 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

The Federal Rules of Civil Procedure provide for two ways to effectuate service on a corporation, association, or partnership. Pursuant to Rule 4(h), a corporation "or a partnership or other unincorporated association that is subject to suit under a common name" must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1)(A)–(B).

Rule 4(e) provides that service may be effectuated on a competent, adult individual by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)–(C).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). In California, a corporation may be served by delivery to the person designated as an agent for service of process, or to the "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b). In California, a general or limited partnership may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to a general partner or the general manager of the partnership." Cal. Civ. Proc. Code § 416.40(a). Other unincorporated associations may be served by delivery: "to the person designated as agent for service of process in a statement filed with the Secretary of State or to the president or other head of the

1  association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a

2  general manager, or a person authorized by the association to receive service of process."  Cal.

3  Civ. Proc. Code § 416.40(b).

4       "Rule 4 is a flexible rule that should be liberally construed so long as a party receives

5  sufficient notice of the complaint."  Direct Mail, 840 F.2d at 688 (quoting United Food & Com.

6  Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  "[A] signed return of

7  service constitutes prima facie evidence of valid service which can be overcome only by strong

8  and convincing evidence."  SEC v. Internet Sols. for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir.

9  2007).  However, "without substantial compliance with Rule 4, 'neither actual notice nor simply

10  naming the defendant in the complaint will provide personal jurisdiction.' "  Direct Mail, 840

11  F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).  Further, "[o]nce

12  service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule

13  4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

14       Here, Plaintiff submitted an executed summons as to Defendant on October 25, 2021.

15  (ECF No. 10.)  Plaintiff's process server personally served Angie Early at the address of 8312

16  Espresso Drive, Bakersfield, California 93312 on October 18, 2021, at 5:07 p.m.  (ECF Nos. 10,

17  12.)  The executed summons and supplemental certificate of service affidavit indicate Ms. Early

18  is the "General Manager" for Valley Hospitality, LLC.  (ECF No. 10 at 1; ECF No. 12 at 1.)

19  However, a review of the California Secretary of State's business search website for Central

20  Valley Hospitality, LLC indicates that the agent for service of process for Central Valley

21  Hospitality, LLC is Raju Verma.[4]  (See ECF No. 21 at 3.)  Furthermore, until June 16, 2022, the

22  address for the agent for service of process provided by the California Secretary of State's

23  business search website was identified as 8300 Granite Falls Drive, Bakersfield, California

24  93312.  (Id.)  This differs from the address at which Ms. Early was served, which appears to be

25

26  [4] The Court takes judicial notice of the business entity details contained on the California Secretary of State's
webpage pursuant to Federal Rule of Evidence 201.  See also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d
27  741, 746 n.6 (9th Cir. 2006); L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 938 (C.D. Cal.
2011) (taking judicial notice of records searches on the California Secretary of State corporate search website as the
28  accuracy of such record searches "can be determined by readily accessible resources whose accuracy cannot
reasonably be questioned.")

1   the address for the Residence Inn Bakersfield West,[5] and which also suggests Ms. Early was the

2   general manager of the *Hotel*, not the corporate entity Valley Hospitality, LLC.

3        The Court additionally notes Plaintiff served the instant motion for default judgment on

4   yet another person, attorney Daniel Klingenberger at 5001 E. Commercenter Drive, Suite 300,

5   P.O. Box 12092, Bakersfield, California 93389-2090.  (See ECF No. 20 at 4.)  Plaintiff has

6   averred Mr. Klingenberger currently represents Defendant in this matter, though it is unclear

7   when such representation commenced.  Also unclear is whether Plaintiff provided copies of the

8   summons and complaint to Mr. Klingenberger.  As noted previously, the multiple inconsistencies

9   regarding service made it unclear to the Court whether service on Defendant complied with or

10  substantially complied with Rule 4; accordingly, the Court ordered Plaintiff to submit

11  supplemental briefing, including declarations or other exhibits as necessary, to explain the

12  inconsistencies and demonstrate service was properly effected on Defendant.  (ECF No. 21 at 1–

13  4.)  The Court additionally, in an abundance of caution, directed Plaintiff to serve both the agent

14  for service of process designated by Defendant Central Valley Hospitality, LLC's business

15  certificate (Raju Verma) as well as the purported "General Manager" for Central Valley

16  Hospitality, LLC (Angie Early), copies of the motion for default judgment with the updated

17  hearing date, and file proofs of service with the Court.  (Id. at 4, 6–7.)

18       On April 22, 2022, Plaintiff filed supplemental briefing in response to the Court's March

19  24, 2022 order.  (ECF No. 22.)  However, he did not separately file any additional notices or

20  proofs of service as directed to do by the Court.[6]  Instead, the supplemental briefing indicates

21  that, after the process server served Ms. Early at the Hotel on October 18, 2021, Plaintiff

22  received an email from Mr. Klingenberger advising that he represents Defendant and stating, "I

23  have authority to accept service of process on behalf of Central Valley Hospitality, LLC for this

24  matter only."  (Id. at 1; Ex. 1, ECF No. 22 at 5.)

---

25  [5] An independent review by the Court of judicially noticeable facts reveals the address at which Ms. Early was
26  served is the location of the Marriott Residence Inn Bakersfield West.  See MARRIOTT HOTELS OVERVIEW,
https://www.marriott.com/en-us/hotels/bflrw-residence-inn-bakersfield-west/overview/ (last visited Jun. 7, 2022).

27  [6] In his supplemental briefing, which is verified, Plaintiff states he emailed a copy of the Court's March 24, 2022
28  order to Mr. Klingenberger on April 18, 2022, and "other filings [unspecified] . . . to Mr. Klingenberger previously."
(ECF No. 22 at 3.)

1    After the Court issued its initial findings and recommendations to deny the motion for

2  default judgment due to inadequate service, Plaintiff filed further supplemental briefing in

3  support of his motion.  (ECF No. 26.)  As addressed in greater detail herein, Plaintiff proffers

4  that, in response to the Court's findings and recommendations, he "engaged a new process server

5  who personally served Defendant's statutory agent on June 20, 2022." (Id. (citing id. at 3 (proof

6  of service)).)  The attached proof of service indicates the summons and complaint and findings

7  and recommendations were both served on Raju Verma, the designated agent for service of

8  process for Defendant, at 8312 Espresso Drive, Bakersfield, CA 93312 on June 20, 2022.  (Id. at

9  3.)

10    After the Court issued its first amended findings and recommendations to deny the

11  motion for default judgment due to inadequate service, Plaintiff filed further supplemental

12  briefing in support of his motion.  (ECF No. 28.)  Plaintiff's latest filing includes copies of an

13  amended proof of service, which indicates service of process was effected on "RAJU VERMA-

14  AGENT FOR SERVICE, . . . on behalf of CENTRAL VALLEY HOSPITALITY LLC DBA

15  FAIRFIELD INN & SUITES BY MARRIOTT BAKE[R]SFIELD CENTRAL on 6/20/2022

16  10:52 AM at 8312 Espresso Dr., Bakersfield, CA 93312."  (ECF No. 28 at 1; Ex. 1, ECF No. 28

17  at 4.)  Also attached is a copy of the June 16, 2022 statement of information page from the Office

18  of the Secretary of State for the limited liability company Central Valley Hospitality.  (See ECF

19  No. 28 at 2; Ex. 2, ECF No. 28 at 6–7.)  This document indicates that, as of June 16, 2022, the

20  address for the agent for service of process Raju Verma is 8312 Espresso Drive, Bakersfield, CA

21  93312.  (ECF No. 28 at 6.)

22    The Court notes that it appears Plaintiff properly executed service of the summons and

23  complaint on Defendant on June 20, 2022 by way of serving Defendant's manager and agent for

24  service of process, Raju Verma, at 8312 Espresso Drive, Bakersfield, California 93312.

25    However, the Court must nonetheless recommend the instant motion for default

26  judgment, which was filed on March 21, 2022 (ECF No. 20), be denied because the *initial*

27  service of process on Defendant, upon which this motion relies, was deficient.  For the reasons

28  discussed herein, the Court finds neither Plaintiff's email exhibits nor his supplemental filings

1  establish service of the summons and complaint on Defendant in "substantial compliance" with

2  Rule 4.

3       1.   <u>Angie Early</u>

4       With respect to the service of process effected on Ms. Early, the Court cannot find

5  Plaintiff established compliance with Rule 4.  As noted above, Rule 4(h) permits an individual to

6  be served on behalf of a corporation pursuant to Rule 4(e), Fed. R. Civ. P. 4(h)(1)(A), *or by*

7  personally serving "an officer, a managing or general agent, or any other agent authorized by

8  appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B).  Plaintiff has

9  not complied with subdivision (B), as the proper officer/managing or general agent/other

10 authorized agent to accept service of process on behalf of the corporate entity Central Valley

11 Hospitality, LLC is not Ms. Early, but Mr. Raju Verma.  <u>See</u> CALIFORNIA SECRETARY OF STATE

12 BUSINESS SEARCH, https://bizfileonline.sos.ca.gov/search/business (last visited Jun. 7, 2022).

13 Indeed, Mr. Klingenberger advises Plaintiff of the same during their email correspondence, when

14 he states:

> 15 From what I can tell regarding the paperwork in this matter you did
> not serve the agent for service of process for Central Valley
> 16 Hospitality LLC.  The agent for service of process is Mr. Raju
> Verma.  Inasmuch as service was not accomplished correctly, I
> 17 request that you withdraw your Application for Enter [sic] Default.

18 (ECF No. 22 at 5.)[7]

19      Nor does the Court find Plaintiff has complied with subdivision (A) for personal service

20 as permitted under Rule 4(e)(1).[8]  As noted above, California law, like Rule 4, requires service

21 on a corporate entity to be effected on the person designated as an agent for service of process, or

22 the "president, chief executive officer, or other head of the corporation, a vice president, a

23 secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial

24

---

25 [7] It is unclear why Defendant never made a special appearance to move to set aside the entry of default, as this would have been the proper course of action to ensure denial of the instant motion for default judgment.

26 [8] None of the provisions under Rule 4(e)(2) are applicable here.  That is, the summons and complaint were not

27 "personally" delivered to Defendant Central Valley Hospitality, LLC, a corporation; nor does Defendant, a corporate entity, have a "usual place of abode."  Fed. R. Civ. P. 4(e)(2)(A)–(B).  Finally, "delivering a copy of each to an agent authorized . . . to receive service of process" did not occur, Fed. R. Civ. P. 4(e)(2)(C), for the same reasons

28 previously discussed.

officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(a)–(b).  As the Court has noted, Ms. Early holds none of these positions with Central Valley Hospitality, LLC, and she is not the designated agent for service of process for Central Valley Hospitality, LLC on the corporate information page on the Secretary of State's website.

Plaintiff's argument that service on Ms. Early was appropriate because she is a "general manager" is unavailing.  Nothing in the record demonstrates Ms. Early is a "general manager" of Central Valley Hospitality, LLC within the sense contemplated by Cal. Civ. Proc. Code § 416.10; at most, she appears to be a "general manager" at the Hotel, which is where Ms. Early was served.  California courts have held these job titles are not equivocal for purposes of effecting service on a corporate entity.  In <u>Bakersfield Hacienda, Inc. v. Superior Court In & For Kern County,</u> for example, the California Fifth District Court of Appeal provided an extensive explanation of the differences between the two positions when it declined to find service on the "general manager" of the Hacienda Motel constituted personal service on the corporation, Bakersfield Hacienda, Inc.:

> [T]he general manager of a motel is not the general manager of the corporation.  The legislative history of section 411 of the Code of Civil Procedure shows that the term "general manager" was substituted by the Legislature for the term "managing agent" that formerly occupied the same position in the section; this fact reinforces our assurance that the intention of the Legislature as expressed in the present code section is to permit service to be made upon the general manager of the corporation and not simply on a managing agent of one part of its business.
>
> Black's Law Dictionary (4th ed. 1957) page 814, defines general manager as follows:
>
> "One having general direction and control of corporation's affairs, and who may do everything which corporation could do in transaction of its business.  . . . A manager for all general purposes of the corporation."
>
> The term "general manager of a corporation" indicates one who has general direction and control of the business of the corporation as distinguished from one who has the management only of a particular branch of the business; he may do everything which the corporation could do in transaction of its business.

14

199 Cal. App. 2d 798, 803–04 (Ct. App. 1962) (internal citations omitted).  In sum, Ms. Early was not the proper party for service with respect to the limited liability corporation Central Valley Hospitality.

Finally, to the extent Plaintiff suggests service on Ms. Early was proper via substituted service, such argument also fails.  As potentially relevant here, California law permits substitute service at the defendant's "usual place of business," after personal service has been attempted with reasonable diligence, and provided that service is effected on a "person apparently in charge," who is "at least 18 years of age, [and] who shall be informed of the contents" of the summons, and copies must thereafter be mailed to the defendant at the same address where the documents were left.  Cal. Civ. Proc. Code § 415.20(b).  "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts."  Evartt v. Super. Ct., 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979).  "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.' "  Johnson v. Bozorghadad, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020) (citation, internal quotation marks, and alteration omitted), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020).

Here, neither the executed summons nor service affidavit includes facts demonstrating compliance with any of the requirements of substitute service.  Importantly, neither the executed summons nor service affidavit indicate the process server made any prior attempts to serve Mr. Verma before serving Ms. Early at the Hotel.  Thus, reasonable diligence is not established.  Cal. Civ. Proc. Code § 415.20(b); Bakersfield Hacienda, Inc., 199 Cal. App. 2d at 803–05 (finding "utter failure to show any diligence whatsoever in attempting to serve a corporate defendant by personal service on one of [its] officers" where service was only attempted on the general manager of the motel and not the general manager of the corporation).[9]

---

[9] The Court additionally notes that, at the time of service on Ms. Early, the California Secretary of State website indicated that the correct address for the agent of service of process was 8300 Granite Falls Drive, Bakersfield, California 93312, and not 8312 Espresso Drive, Bakersfield, California 93312.  (See ECF No. 21 at 3.)  While Plaintiff's second supplemental briefing reflects the new address for the agent of service of process to be 8312 Espresso Drive, Bakersfield, California 93312, the website for the Secretary of State indicates this address was not

1    Nor do the executed summons or service affidavit aver facts demonstrating Ms. Early

2    was "a person apparently in charge" or of "suitable age and discretion."  (See generally ECF

3    Nos. 10, 12); see also Cal. Code Civ. Proc. § 415.20(b).  The "apparently in charge" requirement

4    is vital because, "[f]or substituted service to be reasonably calculated to give an interested party

5    notice of the pendency of the action and an opportunity to be heard, service must be made upon a

6    person whose relationship to the person to be served makes it more likely than not that they will

7    deliver process to the named party."  Produce v. Cal. Harvest Healthy Foods Ranch Mkt., No. C-

8    11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks,

9    alteration, and citations omitted).  "[I]f service [is] improper, that may well explain the failure of

10   a defendant to appear in a lawsuit."  Folkmanis, Inc. v. Uptown Toys LLC, No. 18-cv-00955-

11   EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation

12   omitted).  The mere statement that Ms. Early is a "general manager" is conclusory.

13   Similarly, the service affidavit states in conclusory fashion that Ms. Early was "informed

14   . . . of the contents [of the documents being served]," but no facts are proffered to demonstrate

15   Ms. Early actually understood the significance of the documents being handed her, or that she

16   was required to forward the documents to Central Valley Hospitality, LLC.  "This requirement is

17   critical because if [the person who is "apparently in charge"] did not know or understand the

18   significance of the documents that [the process server] handed him, the documents may have

19   ended up in a junk pile or recycling bin, rather than in [the defendant's] hands."  Bouyer v. 603

20   San Fernando Rd., LLC, No. CV-20-3853-MWF (PVCx), 2020 WL 7711840, at *2 (C.D. Cal.

21   Nov. 2, 2020).   The Court also notes the service affidavit includes boilerplate language

22   indicating service was effected "in compliance with state statutes," but it does not actually

23   identify which rule or statute was followed in order to establish that substitute service was, in

24   fact, in compliance with any of the aforementioned legal authorities, or otherwise aver any facts

25   to describe how the substitute service was completed.

26

27   effective until June 16, 2022, well after the date of service on Ms. Early.  See Statement of Information "View
     History" page, https://bizfileonline.sos.ca.gov/search/business (last visited Aug. 8, 2022).  Accordingly, service on
     Ms. Early on October 18, 2021, was effected at the wrong address in addition to being effected on the wrong person.
28   See Johnson, 2020 WL 963377, at *4 (rejecting service not effected at correct place of business).

Finally, neither the executed summons nor service affidavit indicate that, after effecting service, copies of the summons and complaint were mailed to Central Valley Hospitality, LLC at the same address, as required by Cal. Code Civ. Proc. § 415.20(b).

Based on this record, the Court finds Plaintiff has not met his burden to establish adequate service was made on Defendant Central Valley Hospitality, LLC through Angie Early on October 18, 2021.  Direct Mail, 840 F.2d at 688; Brockmeyer, 383 F.3d at 801.

2.    Daniel Klingenberger

Nor can the Court conclude that adequate service of process was effected on Defendant through Mr. Klingenberger.  Plaintiff attaches a series of email communications between himself and Mr. Klingenberger, presumably in support of the contention that he served Defendant in substantial compliance with Rule 4.  (See ECF No. 22 at 5–14.)  Plaintiff proffers that after Ms. Early was served on October 18, 2021, he received an email from Mr. Klingenberger on November 30, 2021.  (Id. at 1.)  In the November 30, 2021 email, Mr. Klingenberger informs Plaintiff that he represents Defendant Central Valley Hospitality, LLC, and that he has authority to accept service of process on behalf of Defendant "for this matter only."  (Id. at 1, 5.)  However, there is no indication that Plaintiff ever subsequently served process on Mr. Klingenberger, or that Mr. Klingenberger accepted such service on behalf of Defendant.  Instead, the only document Mr. Klingenberger acknowledges receiving from Plaintiff is a letter dated November 10, 2021, which contained Plaintiff's draft application to enter default.[10]  (See id. at 5.)

Indeed, conspicuously absent from the record — including all of Plaintiff's attached email communications and averments, as well as his second supplemental filing — is any acceptance of service, any acknowledgment of receipt of a copy of the summons and complaint,

---

[10] Subsequent communications in the attached emails include several attachments (though the attachments themselves are not provided and therefore cannot be verified) that Plaintiff sent to Mr. Klingenberger, titled "Photos" (ECF No. 22 at 7), "2022-01-13 RENEWED APP FOR DEFAULT" (id. at 8), "Doc 18 – Entry of Default" and "Doc 17 – Order Directing Clerk to Enter Default" (id. at 9), "2022-02-21 email to Daniel Klingerberger" (id. at 12), "2022-03-17 M4Default Judgment" (id. at 13), "2022-04-15 Response to Default Order ECF 21," "2022-04-15 Exhibits 1 – Email String," "Doc 21 – Order Setting Hearing on Motion for Default Judgment," and "2022-04-15 Acceptance of Service" (id. at 14), and various "image.png" attachments (see id. at 9, 10, 13).

or any waiver of service by Mr. Klingenberger.  For example, Plaintiff avers that he emailed a copy of his renewed request for entry of default to Mr. Klingenberger (ECF No. 16 at 1–2); he mailed a copy of his motion for default judgment to Mr. Klingenberger (ECF No. 20 at 4; ECF No. 22 at 2); he emailed a copy of his supplemental briefing in support of the motion for default judgment to Mr. Klingenberger (ECF No. 22 at 3); and he emailed a copy of his second supplemental filing to Mr. Klingenberger on June 22, 2022 (ECF No. 26 at 2).  And, as already noted, the executed summons and service affidavit indicate only Ms. Early was served a copy of the summons and complaint by the process server (and nothing in the record reflects that she forwarded those documents to Mr. Klingenberger).  (ECF Nos. 10, 12.)  In sum, nothing in the record indicates that Plaintiff provided Mr. Klingenberger a copy of the summons and complaint.[11]  Based on this record, the Court finds adequate service was not made on Defendant Central Valley Hospitality, LLC through Daniel Klingenberger.

> 3.   Plaintiff's Supplemental Filings re: Service on June 20, 2022

Plaintiff's two supplemental filings do not cure the original service deficiency.  Indeed, Plaintiff appears to concede that the service on Ms. Early on October 18, 2021, was deficient, as he states in his June 27, 2022 supplemental filing that, "[i]nstead of challenging the Court's findings and recommendations, Plaintiff engaged a new process server who personally served Defendant's statutory agent on June 20, 2022" (ECF No. 26 at 1), and provides a corrected amended proof of service relating to this June 20, 2022 service of process in his second supplemental filing (ECF No. 28 at 1).

The Court acknowledges Plaintiff's supplemental filings demonstrate service of the summons and complaint was properly effected on Defendant as of June 20, 2022.  (See ECF No. 28 at 4.)  However, even though it appears Plaintiff effected service on Defendant on June 20, 2022, this does not cure the defective service that occurred on October 18, 2021, upon which the January 24, 2022 entry of default and Plaintiff's March 21, 2022 motion for default judgment are

---

[11] The Court also notes that, in an email dated April 14, 2022, Plaintiff requested Mr. Klingenberger sign an Acceptance of Service of Process document, though Mr. Klingenberger's response to the email, if any, is not provided in Plaintiff's exhibits.  This very recent email exchange lends further support to the conclusion that service was not properly effected.

based.  For the foregoing reasons, the Court finds Plaintiff's attempted service on October 18, 2021, did not substantially comply with Rule 4.  Accordingly, Plaintiff's motion for default judgment must be denied.  <u>Direct Mail</u>, 840 F.2d at 688; <u>Benny</u>, 799 F.2d at 492.

### C.   January 24, 2022 Entry of Default (ECF No. 18)

Because the Court has concluded Plaintiff's attempt to effect service of process on Defendant on October 18, 2021, did not substantially comply with Rule 4 and was therefore inadequate, the Court finds the January 24, 2022 entry of default is also invalid and must be set aside.

As discussed, Plaintiff's attempt to serve Defendant through Ms. Early on October 18, 2021, did not substantially comply with Rule 4 because Ms. Early was neither the record agent for service of process for Defendant nor a managing or general agent of Valley Hospitality, LLC.  Cal. Civ. Proc. Code § 416.10(a)–(b); <u>Bakersfield Hacienda, Inc.</u>, 199 Cal. App. 2d at 803–04.  Nor did Plaintiff demonstrate service on Ms. Early on October 18, 2021, substantially complied with the statutory requirements for effecting substitute service.  <u>See</u> Cal. Civ. Proc. Code § 415.20(b); <u>Produce</u>, 2012 WL 259575, at *3; <u>Evartt</u>, 89 Cal. App. 3d at 801.  Nor has Plaintiff met his burden to establish he subsequently served Defendant through its attorney, Mr. Klingenberger.  As the Court has noted, without substantial compliance under Rule 4, service is inadequate.  <u>Direct Mail</u>, 840 F.2d at 688; <u>Benny</u>, 799 F.2d at 492.  If Defendant was not adequately served, it cannot have defaulted in the action.  <u>See, e.g.</u>, <u>Yue v. Storage Technology Corp.</u>, No. 3:07-cv-05850, 2008 WL 361142 (N.D. Cal. Fed. 11, 2008).  Consequently, the default entered by the Clerk of the Court on January 24, 2022, which is based on the inadequate personal service effected on Ms. Early on October 18, 2021 (<u>see</u> ECF No. 17), is equally invalid.

Furthermore, as previously discussed, Plaintiff's supplemental filings (ECF Nos. 26, 28) do not proffer any argument or evidence to establish the October 18, 2021 service of process substantially complied with Rule 4.  Instead, Plaintiff proffers evidence of a new service attempt, on June 20, 2022.  (<u>See</u> <u>id.</u>)  And, even though this new service of process appears to comply with Rule 4, it cannot retroactively cure the defects of the inadequate October 18, 2021 service attempt.  Rather, the Court may only construe the new proof of service and service affidavit as

1 establishing that Plaintiff effected service of process on Defendant on June 20, 2022, and require

2 Defendant to respond to the complaint from that date forward.

3       In sum, because the Court has determined that Plaintiff's attempt to effect service of

4 process on Defendant on October 18, 2021, was inadequate, the entry of default based upon the

5 inadequate service is also invalid. In light of these findings, the Court shall also recommend the

6 January 24, 2022 entry of default (ECF No. 18) be set aside, and that Defendant be granted an

7 opportunity to respond to the complaint.

8 <center>**IV.**</center>

9 <center>**CONCLUSION AND RECOMMENDATIONS**</center>

10       Based on the foregoing, IT IS HEREBY RECOMMENDED that:

11     1.     Plaintiff's motion for default judgment (ECF No. 23) be DENIED for inadequate

12           service of the summons and complaint;

13     2.     the January 24, 2022 entry of default (ECF No. 18) be SET ASIDE; and

14     3.     Defendant be ordered to file a response to the complaint (ECF No. 1) within thirty

15           days of any order adopting these findings and recommendations.

16       Further, Plaintiff is HEREBY ORDERED to mail a copy of these amended findings and

17 recommendations to Defendant at the principal/mailing address designated with the California

18 Secretary of State and via its attorney, Daniel Klingenberger, and file a notice of compliance

19 with the Court **within five days** of issuance of these amended findings and recommendations.

20       These amended findings and recommendations are submitted to the district judge

21 assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.

22 Within **fourteen (14) days** of service of this recommendation, any party may file written

23 objections to these findings and recommendations with the Court and serve a copy on all parties.

24 Such a document should be captioned "Objections to Magistrate Judge's Findings and

25 Recommendations." The district judge will review the magistrate judge's findings and

26 recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

27 ///

28 ///

<center>20</center>

The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 8, 2022**

UNITED STATES MAGISTRATE JUDGE