# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTRAL VALLEY HOSPITALITY, LLC,<br><br>        Defendant. | Case No. 1:21-cv-01079-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF Nos. 32, 33) |

      On August 22, 2022, Plaintiff filed a notice of settlement. (ECF No. 30.) On August 23, 2022, the Court vacated all matters and ordered Plaintiff to file dispositional documents on or before September 12, 2022. (ECF No. 31.) On September 13, 2022, the Court issued an order to show cause why monetary sanctions should not issue for the failure to file the dispositional documents. (ECF No. 32.)

      In a response dated September 19, 2022, and docketed on September 23, 2022, Plaintiff states the dispositional documents were not timely filed because he is pro se and not permitted to file papers electronically; Plaintiff further proffers that counsel for Defendant would electronically file the documents, but this was not done. (ECF No. 33.) Attached to Plaintiff's response to the order to show cause is a copy of the executed dispositional documents. (Id. at 4–

5.) The Court shall discharge the order to show cause. However, Plaintiff is advised that, since no counsel of record ever appeared in this matter, it is Plaintiff's responsibility to submit the dispositional documents. Plaintiff is further advised that, regardless of his *pro se* status, he is still required to timely comply with the Court's orders and filing deadlines. See Scott v. Palmer, 689 Fed. App'x 874, 874–75 (9th Cir. 2017) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)) (*pro se* litigants are held to same procedural rules as litigants with counsel). Thus, since Plaintiff is not permitted to electronically file documents, he is nonetheless expected to timely mail them pursuant to the Federal Rules of Civil Procedure, Local Rules and this Court's orders. Finally, acknowledging that Plaintiff is a frequent filed in this District, Plaintiff is further cautioned that failure to comply with filing deadlines and Court orders may result in the issuance of sanctions, including monetary sanctions and dismissal of the pending action.

Further, in light of the notice of dismissal (ECF No. 37), this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice.

Accordingly, IS IT HEREBY ORDERED that the September 6, 2022 order to show cause (ECF No. 35) is DISCHARGED. Furthermore, the Clerk of the Court is HEREBY DIRECTED to close the case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **September 26, 2022**

UNITED STATES MAGISTRATE JUDGE